IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,                               )
                                                )
          Plaintiff pro se,                     )
                                                )       C.A. No.: _11 - 5 8 5_
     vs.                                        )
                                                )
ACS STATE AND LOCAL SOLUTIONS, INC.,            )       JURY TRIAL: YES
DELAWARE FIRST FCU,                             )       NATURE OF SUIT: 190 CONTRACT:
CHEX SYSTEMS, INC., AND                         )       OTHER
APPLIED BANK,                                   )       JURISDICTION: FEDERAL QUESTION
                                                )
          Defendants.                                   

## COMPLAINT

This is a Complaint presented to this Court by the Plaintiff against the Defendants for violations of the "Fair Credit Reporting Act," the "Fair Debt Collections Practices Act," the "Electronic Signatures in Global and National Commerce Act," "Fraud," "Breach of Contract," "Defamation and Libel," "Civil Conspiracy," and for intention infliction of emotional suffering and mental anguish upon the Plaintiff, and for Declaratory and Injunctive Relief. The Plaintiff seeks compensatory damages, including court costs and other costs in which the court may deem just and appropriate, statutory and exemplary damages.

COMES NOW, Errick M. Wright, the Plaintiff pro se, respectfully requests this Court to issue Preliminary and Permanent Injunctive Relief and Damages. In support of thereof, Plaintiff shows unto to the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and  Permanent Injunctive Relief enjoining Defendants ACS STATE AND LOCAL SOLUTIONS, INC.,  DELAWARE FIRST FCU, CHEX SYSTEMS, INC., APPLIED BANK, and those acting in active concert to commit civil conspiracy with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 USC s. 1681 et seq. (hereinafter "FCRA")), the Fair Debt Collections Practices A ct (15 USC s.

1

1692 et seq. (hereinafter "FDCPA")), the Statute of Frauds under (6 Del. UCC s. 2-201 et seq. (hereinafter "Statute of Frauds")), Breach of Contract, Defamation and Libel, and for intentional infliction of emotional suffering and mental anguish upon the Plaintiff. An actual controversy exists between the parties, in that the challenged actions of the Defendants have and will cause the Plaintiff substantial harm unless the requested relief is GRANTED.

The Fair Credit Reporting Act and The Fair Debt Collections Practices Act were passed by the Congress of the United States in response to inconsistencies of credit reporting upon the files of consumers, and abusive conduct by collection agencies, and concern that the abusive practices were causing and increase in the filing of consumer bankruptcies.

The purpose of the FCRA is to provide guidelines for reporting only accurate information upon consumer credit files, while providing protection and remedies for consumers.

The purpose of the FDCPA is to provide guidelines for which collection agencies to collect alleged debts, while providing protection and remedies for alleged debtors.

In appraising the sufficiency of the Complaint, Plaintiff requests the Court to follow the accepted rule that a claimant is not required to set out in detail the facts upon which he bases his claim....but only a short and plain statement of the claim. This is so long as it gives the Defendant fair notice of what the claim is and grounds upon which it rests.

The purpose of the Electronic Signatures in Global and National Commerce Act is to facilitate the use of electronic records and signatures in interstate and foreign commerce.

I. JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. s. 1681p, 15 U.S.C. 1692k(d), and 28 U.S.C. s. 1331. Declaratory relief is available pursuant to 28 U.S.C. s. 2201.

2.  Venue is proper because many of the relevant events occurred within New Castle County Delaware which is located within the district of the Court.

3.  Plaintiff Federal and State Law Claims derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in on judicial proceeding. Consequently, this Court has pendent jurisdiction over Plaintiff's state law claims against the Defendants.

4.  This action is brought by a consumer for violations of the above-named acts in conjunction with alleged debts appearing on the consumer reports of the Plaintiff's. The Defendant's collection tactics in attempting to collect alleged debts or their refusal to remove or correct inaccuracies regarding the alleged debts, despite telephoned and written correspondence specifying the inaccuracies and providing information that would facilitate an investigation of the matter. Thus, the Plaintiff seeks damages, and to the extent possible, declaratory and injunctive relief.

II. PARTIES TO THE ACTION

5.  Plaintiff Errick M. Wright, is a natural person having a physical address at 2225 North Tatnall Street Wilmington, Delaware 19802.

6.  Defendant ACS State and Local Solutions, Inc., is a business organization which uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another, and a subcontractor of the Philadelphia Traffic Court System. Its physical address is at 1000 Rosedale Ave., Middletown, PA 17057-4834 and an address of which process of service may be received at 2711 Centerville Road, Suite 400 Wilmington, Delaware 19802. The registered agent is listed as being Corporation Service Company.

7.  Defendant Delaware First FCU, is a business organization which uses instruments of interstate commerce to facilitate receiving and reporting information. Its physical address is at 1815 Newport Gap Pike Wilmington, Delaware 19808 and an address of which process of service may be received at 1815 Newport Gap Pike Wilmington, Delaware 19808.

8. Defendant Chex Systems, Inc. is business organization which uses the instruments of interstate commerce to facilitate the receiving and reporting of information. Its physical address is at 7805 Hudson Road, Suite 100 Woodbury, MN 55125 and an address of which process of service may be received at 1209 Orange Street Wilmington, Delaware 19801.The registered agent is The Corporation Trust Company.

9. Defendant Applied Bank is a business organization which uses instruments of interstate commerce to facilitate the collection and payments of consumer accounts. Its physical address is at 601 Delaware Avenue, Wilmington, Delaware 19801 and an address which process of service may be received at 601 Delaware Avenue Wilmington, Delaware 19801. The registered agent is Rocco A. Abessinio.

III. SUMMARY OF FACTS

AS TO DEFENDANT ACS STATE AND LOCAL SOLUTIONS, INC.:

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. s. 1692(a)(3).

11. Defendant is a "Debt Collector" as defined by 15 U.S.C. s. 1692(a)(6).

12. Plaintiff requested a copy of the court docket from the Philadelphia Traffic Court on April 7, 2011. Plaintiff received the court docket on or about the April 11, 2011.

13. Plaintiff received a "Notice of Collection" from LDC Collection Systems on April 4, 2011, and May 16, 2011 as is prescribed by 15 U.S.C. s. 1692g..

14. Plaintiff delivered to LDC Collection Systems a "Notice to Cease Collection" on April 16, 2011. as is prescribed by 15 U.S.C. s. 1692c(c)(1), and (2).

15. Defendant ACS State and Local Solutions, Inc. appearing as ACS Philadelphia Traffic Court on

16. May 11, 2011 placed inaccurate information on Plaintiff's Trans Union consumer file without first mailing a "Notice of Collection" as is prescribed by 15 U.S.C. s. 1692g.

17. Plaintiff disputed the information placed on his consumer file by Defendant ACS State and Local Solutions, Inc. in June, 2011. Plaintiff delivered a dispute of the alleged debt with ACS State and Local Solutions, Inc. in June, 2011 by first class mail postage pre-paid at 800 Spring Garden Street Philadelphia, PA 19130 which is the address of the Philadelphia Traffic Court and was sent to the attention of Shermaine Henderson, C.A.O. .

## AS TO DEFENDANT'S DELAWARE FIRST FCU AND CHEXSYSTEMS, INC.:

18. Plaintiff is a "Consumer as defined by 15 U.S.C. s. 1681a(c), and 15 U.S.C. s. 1692(a)(3).

19. Defendant Delaware First FCU is a "Debt Collector as defined by 15 U.S.C. s. 1692(a)(6).

20. Defendant Chex Systems, Inc. is a "Consumer Reporting Agency" as defined by 15 U.S.C. s. 1681(3)(f).

21. Plaintiff requested a copy his consumer file from Chex Systems, Inc. in June, 2011.

22. Upon receipt of his consumer file, the Plaintiff disputed the information contained within. The dispute was sent by first-class mail postage pre-paid to Chex Systems, Inc..

23. Plaintiff made several phone calls on or about June 1, 2011 to June 20, 2011 to Defendant Delaware First FCU and spoke with Betsy Watkins to dispute the information that they were reporting to Co-Defendant Chex Systems, Inc..

24. Plaintiff has disputed the amount, legal status, and denies he owes the alleged debt as the Defendant Delaware First FCU has reported and attempted to collect, and as Defendant Chex Systems, Inc. is reporting currently and inaccurately.

## AS TO DEFENDANT APPLIED BANK:

24. Plaintiff is a "Consumer" as defined in 15 U.S.C. s. 1681a(c), 15 U.S.C. s. 1692(a)(3), and 15 U.S.C. s. 7006(1).

25. Defendant Applied Bank is a "Creditor"as defined in 15 U.S.C. s. 1692a(4).

26. Plaintiff received an unsolicited offer of an extension of credit in January, 2011.

27. Plaintiff was charged excessive fees in regards to the unsolicited offer prior to an activation and use of credit account.

28. On April 5, 2011 Plaintiff and Defendant agreed to defer all payments until August 14, 2011.

29. Defendant Applied Bank agreed pursuant to the deferred payment agreement to remove the account from the consumer file of the Plaintiff.

30. Plaintiff desired to investigated if he had made an application for the account which was the basis for his request to defer payments and was agreed to by Defendant Applied Bank.

31. Plaintiff has disputed the legal status, and amount of debt claimed by the Defendant Applied Bank.

32. Plaintiff has requested a paper copy of his electronic signature as is pursuant to the Electronic Signatures in Global and National Commerce Act (15 U.S.C. s. 7001 et. seq.).

33. Defendant Applied Bank refuses to comply with the "ESIGN ACT" and provide the Plaintiff with a paper copy of an application or a contract which would purport to retain his electronic signature.

COUNT 1 - VIOLATION OF THE FAIR CREDIT REPORTING ACT.

34. The Defendant Chex Systems, Inc. is a "Consumer Reporting Agency" as defined by15 US.C. s. 1681(3)(f).

35. The Defendant Chex Systems, Inc incurred a violation of the FCRA pursuant to 15 U.S.C. s. 1681e(b) in June, 2011 when they began reporting inaccurate information that an account alleged to be that of the Plaintiff was in default and owed to Co-Defendant Delaware First FCU.

36. In June, 2011 Plaintiff disputed the information and as the date of this Complaint his dispute is being investigated.

37. The Defendant failed to verify and investigate if the information being submitted to them was in

6

truth accurate.

38. Violation of 15 U.S.C. 1681e(b) - Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

39. The foregoing violation of the FCRA is among the Defendants standard procedure and practice towards consumers such as the Plaintiff, for which the Defendant is motivated by enhanced revenue received from its clients reporting the information to them.

COUNT 2 - VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT.

40. The Defendant ACS State and Local Solutions, Inc. is a "Debt Collector" as defined by 15 U.S.C. s. 1692(a)(6).

41. The Defendant ACS State and Local Solutions Inc. incurred a violation of the FDCPA 15 U.S.C. s. 1692e(8) in that the Defendant communicated false and misleading information or information which should have known to be false or that the Plaintiff has disputed the alleged debt upon the consumer file of the Plaintiff.

42. The Defendant ACS State and Local Solutions, Inc. incurred a violation of the FDCPA 15 U.S.C. s. 1692e(9) in that the Defendant used and distributed written communication which simulated or falsely represented upon the consumer file of the Plaintiff that the Defendant has approval from the Philadelphia Traffic Court to issue what may be deemed as an unauthorized affiliation, therefore creating an impression upon the Plaintiff that the Philadelphia Traffic Court has approved the Defendants collection tactics and methods.

43. The Defendant ACS State and Local Solutions, Inc. incurred a violation of the FDCPA 15 U.S.C. s. 1692e(10) in that the Defendant used false representations or deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning the Plaintiff.

44. The Defendant placed misleading information upon the consumer file of the Plaintiff pertaining to the company attempting to collect an alleged debt was ACS Philadelphia Traffic Court and not its true identity. The Defendant went as so far to use the Philadelphia Traffic Court's own address and phone number in the order to conceal its true location and contact information.

45. The Defendant ACS State and Local Solutions, Inc., incurred a violation of the FDCPA in that the Defendant used a misleading name of its business, company, or organization other than its true name in its attempt to collect an alleged debt claimed owed by the Plaintiff. The Defendant' placed its name as ACS Philadelphia Traffic Court upon the consumer file of the Plaintiff therefore misleading the Plaintiff to believe that it was ACS Philadelphia Traffic Court making an attempt to collect an alleged debt.

46. The Defendant ACS State and Local Solutions, Inc. incurred a violation of the FDCPA 15 US.C. s. 1692f(8) in that the Defendant used misleading information by means of use of interstate commerce by using a company name and address that was not its true name and address as stated on the Plaintiff consumer file and subsequently on envelopes received by its alleged affiliated company LDC Collections Systems, Inc..

47. On May 11, 2011 The Defendant placed on the consumer file of the Plaintiff four citations alleged to have been in default for non-payment without notification to the Plaintiff to validate if the information they was received was accurate.

48. In June, 2011, Plaintiff received a copy of his Trans Union consumer report from Tim McKay, an attorney representing the consumer reporting agency in an unrelated civil action.

49. On June, 2011, Plaintiff promptly disputed the information being reported with the consumer reporting agency and the Defendant.

50. Defendant ACS State and Local Solutions, Inc. have incurred multiple violations of the FDCPA, and the foregoing violations of the FDCPA are among the standard procedures practices towards

consumers such as the Plaintiff, for which the Defendant is motivated by enhanced profits.

51. Defendant Delaware First FCU is a "Debt Collector" as defined by 15 U.S.C. 1692(a)(6).

52. Defendant Delaware First FCU incurred a violation of the FDCPA 15 1692e(2)(A) in that the Defendant presented a false representation of the character, amount, or legal status of a debt in which Plaintiff has disputed being the owner of the account being reported to consumer reporting agency Chex Systems, Inc.. Plaintiff has disputed the ownership status of an account of which has been unresolved to the best of the knowledge of the Plaintiff as of the date of this Complaint.

53. The Defendant Delaware First FCU incurred a violation of 15 U.S.C. s. 1692e(8) in that the Defendant communicated personal credit information to consumer reporting agency Chex Systems, Inc. which is or should have been known to be false. The Defendant misreported an account as having been owned by the Plaintiff and in default.

54. In June, 2011, the Plaintiff having received his consumer file from Chex Systems, Inc., promptly disputed the information reported upon it. The Plaintiff then notified by telephone that the Defendant Delaware First FCU as reporting inaccurate information. The Defendant refused to update or report that the Plaintiff had disputed is disputing the information.

55. The Defendant Delaware First FCU having committed multiple violations of the FDCPA, it is here stated that the foregoing violations of the FDCPA are among the Defendants standard procedures and practices towards consumers such as the Plaintiff, for the Defendant is motivated by enhanced profits.

56. The Defendant Applied Bank is a "Creditor" as defined in 15 U.S.C. s. 1692a(4).

57. The Defendant Applied Bank incurred a violation of the FDCPA 15 U.S.C. s. 1692e(2)(A) in that the Defendant has falsely presented the character, amount or legal status of an alleged debt being reported upon the consumer file of the Plaintiff. The Defendant has misrepresented that

the Plaintiff owes a debt and is bound by a written contract and obligated to pay such alleged debt.

58. The Defendant Applied Bank incurred a violation of 15 U.S.C. s. 1692e(12) in that the Defendant during a phone conversation on June 28, 2011 with a representative of the Defendant the Plaintiff was informed that the alleged account was assigned to a purchaser for value when in fact and to the best knowledge of the Plaintiff it had not.

59. The Plaintiff has disputed the account beginning in February 2011 as Plaintiff believes he did not apply for the account, and despite his requests for a paper copy of his electronic signature and a date authorizing the application and opening of the alleged account, the Defendant fails or refuses to comply with the provisions of the "ESIGN ACT" in addition to the FDCPA.

60. On June 20, 2011 the Plaintiff requested a copy of his application or a contract which is purported to have his electronic signature endorsed thereupon. The Defendant responded with a notice of results of investigation and not the information that the Plaintiff requested.

61. The foregoing violation of the FDCPA are among the Defendants standard procedures and practices towards consumers such as the Plaintiff, for which the Defendant is motivated by enhanced profits.

COUNT 4 - FRAUD

61. Defendant ACS State and Local Solutions, Inc. committed an act or acts of fraud against the Plaintiff whereby, the Defendant misrepresented a material fact, and that the Defendant was aware that the information that they were reporting upon the consumer file was in fact false in the order they may receive an unjust monetary gain or benefit in violation of the Statute of Frauds 6 Del. UCC Art. 2-201 et seq.. As a result of Defendant wrongful and willful act, the Plaintiff's ability to obtain his driving privileges and his credit rating has been impaired.

62. Defendant Delaware First FCU committed an act or acts of fraud against the Plaintiff whereby, the Defendant misrepresented a material fact, and that the Defendant was aware that the information that they were reporting to Chex Systems, Inc, was in fact false in the order they may receive an unjust monetary gain or benefit in violation of the Statute of Frauds 6 Del. UCC Art. 2-201 et seq.. As a result of the violation incurred by the Defendant Plaintiff has been impaired to open an account or accounts with a financial institution.

63. Defendant Applied Bank committed an act or acts of fraud against the Plaintiff whereby, the Defendant misrepresented a material fact, and the the Defendant was aware that the Plaintiff made no application to authorize the opening of the account for an extension of credit. The Defendant claimed an agreement between the parties existed which was stated as having the electronic signature of the Plaintiff thereupon, and of which the Defendant refuses to provide a paper copy to the Plaintiff. The Defendant has knowledge that the Plaintiff does have a memory of making an application to them for an extension of credit.  Plaintiff's reliance on a paper copy of his electronic signature and a date of the alleged application to be delivered to him by the Defendant would validate an authorization of opening the account. As a result of Defendants act of fraud as Plaintiff claims, Plaintiff's credit rating has been unjustly impaired.

COUNT 5 - BREACH OF CONTRACT

64. Defendant violated the terms of an agreement with the Plaintiff whereby, Plaintiff alleges an agreement was drafted on April 1, 2011, and endorsed by the Defendant agreeing to the terms and conditions of the "Deferred Payment Agreement" on April 5, 2011. The Defendant has since defaulted on its obligation and refuses to comply with the agreement it signed.

65. As a result of the Breach of Contract, the Plaintiff has been injured in his credit rating and ability to obtain credit.

11

COUNT 6 - DEFAMATION AND LIBEL

66. Defendant ACS State and Local Solutions, Inc. defamed the Plaintiff by means of reporting and placement of a malicious statement in regards to an alleged debt upon the consumer file of the Plaintiff on May 11, 2011. The Defendant acted with malicious intent and as a result of Defendants actions, Plaintiff was injured in his credit rating.

67. Defendant Delaware First FCU defamed the Plaintiff by means of placement of a malicious statement in regards to an alleged debt upon the consumer file of the Plaintiff on June, 2011. The Defendant acted with malicious intent and as a result of the Defendants actions, Plaintiff was injured in his credit rating.

68. Defendant Chex Systems, Inc. defamed the Plaintiff by means of their placement of a malicious statement in regards to an alleged debt claimed owed by Defendant Delaware First FCU in June, 2011 upon his consumer file without first confirming if what they were intending to report was accurate and factual. The Defendant acted with malicious intent, and as a result Plaintiff was injured in his ability to open an account or accounts with a financial institution.

69. Defendant Applied Bank defamed the Plaintiff by means of reporting and placement of a malicious statement in regards to an alleged debt claimed owed to them by the Plaintiff in June , 2011. As a result of the unjust actions by the Defendant, Plaintiff was injured in his ability to obtain credit.

COUNT 7 – CIVIL CONSPIRACY

70. Plaintiff claims the Defendant Delaware FCU conspired with Chex Systems, Inc. to defraud the Plaintiff in the amount of $795.00 as is claimed on the consumer file of the Plaintiff.

71. Plaintiff claims the Defendant Chex Systems, Inc. conspired with co-conspirator Defendant Delaware First to defraud him of $795.00 as is claimed on the consumer file of the Plaintiff reported by the Defendant Chex Systems, Inc.

## COUNT 8 – INTENTIONAL INFLICTION OF EMOTIONAL SUFFERING AND MENTAL ANGUISH

72. As a result of Defendant ACS State and Local Solutions, Inc. willful and unjust acts, the Plaintiff suffered emotionally at the loss of his ability to obtain credit, and traumatically impaired his ability to purchase a business to provide a means of financial stability for his children and family, and to regain his driving privileges.

73. As a result of Defendant Delaware First FCU, willful and unjust acts, the Plaintiff suffered emotionally at the loss of his ability to obtain credit, and traumatically impaired his ability to open an account at a financial institution for the purpose of investing in the future of his children and family.

74. As a result of Defendant Chex Systems, Inc willful and unjust acts, the Plaintiff suffered emotionally at the loss of his ability to open an account or conduct transactions at a financial institution, and traumatically impaired his ability to open an account or accounts.

75. As a result of Defendant Applied Bank's willful and unjust acts, and their willful intent to breach a written agreement , Plaintiff has suffered emotionally at the loss of his ability to obtain credit to purchase a local business to provide a means of financial stability for his children and immediate family.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the Defendant's and other conspirators from engaging in further violations of the

(B) For preliminary and permanent injunctive relief, enjoining all of the above-named Defendants and other conspirators from engaging in the following:

1. Selling, transferring, reporting, or otherwise assigning the above-named accounts to any collection agency, debt collector, reseller or credit reporting agency.

2. Attempting in any way to impair Plaintiff's credit score or rating in connection with any and all transactions carried out by Plaintiff as a consumer in obtaining any deposit related, investment, or credit account.

3. Attempting in any way to harass, oppress, or threaten the Plaintiff in any manner or means as result of Plaintiff's connection with the filing of this Complaint.

(C) For an Order awarding compensatory damages in favor of the Plaintiff as follows:

1. Against Defendant ACS State and Local Solutions, Inc., in the amount of $ 750.00

2. Against Defendant, Delaware First FCU, in the amount of $750.00

3. Against Defendant Chex Systems, Inc., in the amount of $750.00

4. Against Defendant Applied Bank, in the amount of $750.00

(D) For an Order awarding statutory damages in favor of the Plaintiff as follows:

1. Against Defendant ACS State and Local Solutions, Inc, in the amount of $1,000.00

2. Against Defendant, Delaware First FCU, in the amount of $1,000.00

3. Against Defendant Chex Systems, Inc., in the amount of $1,000.00

4. Against Defendant Applied Bank, in the amount of $1,000.00

(E) For an Order awarding exemplary damages in favor of the Plaintiff as follows:

1. Against Defendant ACS State an Local Solutions, Inc,, in the amount of $1,000,001.000

2. Against Defendant Delaware First FCU, in the amount of $251,000.00

3. Against Defendant Chex Systems, Inc., in the amount of $251,000.00

4. Against Defendant Applied Bank, in the amount of $351,000.00

WHEREFORE, Plaintiff Errick M. Wright respectfully submits the foregoing Complaint before

this Honorable Court to be heard.

Dated: _____July 1_____, 2011

_____
ERRICK M. WRIGHT, Plaintiff Pro Se
2225 North Tatnall Street
Wilmington, Delaware 19802
Phone: 302-561-1132
Email: errickmw@yahoo.com

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,                              )
                                               )
          Plaintiff pro se,                    )
                                               )     C.A. No.: _____
     vs.                                       )
                                               )
ACS STATE AND LOCAL SOLUTIONS, INC.,           )     JURY TRIAL: YES
DELAWARE FIRST FCU,                            )     NATURE OF SUIT: 190 CONTRACT:
CHEX SYSTEMS, INC., AND                        )     OTHER
APPLIED BANK,                                  )     JURISDICTION: FEDERAL QUESTION
                                               )
          Defendants.                          )

## DECLARATION OF THE PLAINTIFF ERRICK M. WRIGHT

I, Errick M. Wright, the Plaintiff declare pursuant to 28 U.S.C. s. 1746 based on my personal

belief and knowledge as follows:

1. I am a United States citizen residing in the State of Delaware.

2. I am the Plaintiff in the above-captioned action.

3. I am not a lawyer but, I am proceeding pro se in this action.

4. Under the protections of the Fair Credit Reporting Act (the "FCRA"), the purpose of the FCRA
   is to provide guidelines for reporting only accurate information upon consumer credit files,
   while providing protection and remedies for consumers.

5. Under the protection of the Fair Debt Collections Practices Act (the "FDCPA"), the purpose of
   the FDCPA is to provide guidelines for which collections agencies to collect alleged debts,
   while providing protection and remedies for alleged debtors.

6. Though I have presented my disputes to the above-named Defendant they have been
   uncooperative in attempting to resolve the pending matters without need for litigation.

1

7. The unwillingness of the Defendants to negotiate, with their bold and arrogant attitudes toward any non-litigate resolutions have left me the last remedy to resolve the dispute.

8. As a direct consequence of the actions of the Defendant my credit rating has been severely impaired, my ability to conduct business with financial institutions, et al has been limited, my ability to regain my driving privileges has been placed on hold, and my ability to provide a means of support for my children and immediate family has left me emotionally distraught.

WHEREFORE, I the Plaintiff Errick M. Wright declare under penalty of perjury under the laws of the United States and the State of Delaware that the foregoing is true and correct.

Executed on this __1st__ day of __July__, 20__11__.

ERRICK M. WRIGHT, Plaintiff Pro Se
2225 North Tatnall Street
Wilmington, Delaware 19802
Phone: 302-561-1132
Email: errickmw@yahoo.com

2