IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,           )
                                       )
          Plaintiff,         )
                                         )
      v.                         ) Civ. Action No. 11-585-GMS
                                         )
APPLIED BANK, et al.,        )
                                         )
          Defendants.      )

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Errick M. Wright ("Wright"), who proceeds *pro se* and has been granted

leave to proceed *in forma pauperis*, filed this lawsuit on July 1, 2011, pursuant to the Fair Credit

Reporting Act, the Fair Debt Collection Practices Act, and the Electronic Signatures in Global

and National Commerce Act. He also raises claims under Delaware law. Before the court are

the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a motion for joinder,

Wright's motion to amend, and Wright's motion to withdraw defendants. (D.I. 10, 16, 26, 47,

51.) For the reasons that follow, the court will deny as moot the motions to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) and motion for joinder, will deny the motion to amend, and will grant the

motion to withdraw defendants.

## II. BACKGROUND

The original complaint contains seven counts, albeit a missing count three, and names the

following defendants:  ACS State and Local Solutions, Inc. ("ACS"),[1] Delaware First Federal

---

[1] All claims against ACS were dismissed with prejudice by Wright on July 5, 2012.  (D.I. 52, 53.)

Credit Union ("Delaware First"), Chex Systems, Inc., ("Chex") and Applied Bank ("Applied Bank") (collectively, "the defendants").[2]

In December 2011 and January 2012, Applied Bank and Delaware First filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 10, 16.) Wright did not file oppositions to the motions to dismiss. Instead, on February 9, 2012, he filed a motion for leave to amend the complaint but failed to submit a proposed amended complaint. (D.I. 26.) Wright took no further action in the case, and mailings to him were returned as undeliverable. (D.I. 39.) In May, 2012, the defendants moved to dismiss for failure to prosecute and, thereafter, Wright submitted a proposed amended complaint on June 15, 2012. (D.I. 50.) The proposed amended complaint removes the defendants Applied Bank and Delaware First and adds as defendants the Philadelphia Traffic Court ("Traffic Court") and Trans Union, LLC ("Trans Union"). Finally, Wright filed a motion to withdraw defendants Delaware First and Applied Bank, construed as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41. (D.I. 51.)

## III. AMENDMENT

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading (A) once as a matter of course within twenty-one days after serving it or, (B) if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires.

---

[2]Chex was voluntarily dismissed as a defendant on September 8, 2011. (D.I. 5.)

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

## B. Discussion

The court will grant Wright's motion to voluntarily dismiss the defendants Applied Bank and Delaware First. (D.I. 51.) In turn, their motions to dismiss will be denied as moot. (D.I. 10, 16.) Additionally, Delaware First's motion for joinder will be denied as moot. (D.I. 47.)

As discussed, Wright seeks leave to amend his complaint. While Wright proceeds *pro se*, he is no stranger to litigation having filed numerous cases in this court. Wright, however, belatedly filed the motion to amend following the filing of the motions to dismiss by Applied Bank and Delaware First, and, without attaching a proposed amended complaint. Indeed, Wright

3

did not file the proposed amended complaint for some four months after he filed the motion to amend and only after the defendants filed a motion to dismiss for Wright's failure to prosecute.

The proposed amendment seeks to add two new defendants, both of whom were known to Wright at the time he filed the original complaint and raises claims against them pursuant to the Fair Credit Reporting Act ("FCRA"). It also raises claims against ACS who was recently dismissed with prejudice by Wright. (*See* D.I. 52, 53.)

The proposed amended complaint alleges that Wright received a notice of collection from ACS on April 1, 2011. Thereafter, he mailed a dispute of the notice. On May 1, 2011, Wright received a copy of his Trans Union consumer file that included "alleged traffic citations owed" to the Traffic Court. On May 2, 2011, Wright mailed a dispute of the reported information to Trans Union. On May 10, 2011, Trans Union notified Wright that it had received the dispute and that it initiated an investigation. Wright was notified on June 10, 2011 that Trans Union had completed its investigation and removed the inaccurate information from Wright's consumer report.

Wright alleges that the Traffic Court violated § 1681q of the FCRA for improperly acquiring access to his consumer file, for failing to conduct a reasonable investigation of the accuracy and completeness of the information it furnished to ACS, and for failing to report to Trans Union that Wright had disputed the information.[3] He alleges that Trans Union violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to verify the accuracy of the information reported to it by ACS and the Traffic Court, and this resulted in a diminished credit

---

[3] 15 U.S.C. § 1681q, provides: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."

score.[4]  (*See* D.I. 50.)

The Traffic Court is immune from suit.  *See Bardes v. South Carolina*, 2010 WL 1498332, at *4 (D.S.C. Mar. 11, 2010) (State of South Carolina has Eleventh Amendment immunity with respect to claims raised under the FCRA); *Densborn v. Trans Union, LLC*, 2009 WL 331466 (N.D. Ill. Feb. 10, 2009) (State agency entitled to sovereign immunity in debtor's suit brought under the FCRA); *Peaslee v. Illinois Student Assistance Comm'n*, 2008 WL 4833124 (N.D. Ill. Oct. 27, 2008); *Alexander v. District Court of Maryland for Charles Cnty.*, 2008 WL 612449 (D. Md. Mar. 20, 2008) (FCRA claims raised against Maryland state courts are barred by Eleventh Amendment immunity); *Betts v. Commonwealth of Va.*, 2007 WL 515406, at *3 (E.D. Va. Feb. 2, 2007) (Congress has not abrogated state sovereign immunity in enacting the FCRA).

Moreover, the proposed amended complaint fails to state claims for relief against either the Traffic Court or Trans Union for violation of the FCRA.  Most notably, the allegations against Trans Union, if anything, indicate that it followed the procedures required by law. Hence, the court finds amendment futile.  Therefore, the court will deny Wright's motion to amend.

## IV. CONCLUSION

For the above reasons, the court will:  (1) deny as moot the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); (2) deny the motion to amend; (3) deny as moot the motion for joinder;

---

[4]15 U.S.C. § 1681e(b) pertains to compliance procedures and the accuracy of reports.  It provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

and (4) grant the motion to withdraw defendants.  (D.I. 10, 16, 26, 47, 51.)  There being no remaining issues, the clerk of court will be directed to close the case.

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

August 27, 2012
Wilmington, Delaware

6